IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,529-01 & WR-80,529-02




EX PARTE BRODRICK ANDRAE JACKSON, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS A18586-1010 & A18611-1011 
                        IN THE 64TH DISTRICT COURT FROM HALE COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
manufacture of a controlled substance, sentenced to fifteen years’ imprisonment, and tampering with
physical evidence, sentenced to five years’ imprisonment. He did not appeal either conviction. 
            Applicant contends that his due process rights were violated because the detective who
signed the probable cause affidavit was subsequently convicted of felony theft. He alleges that the
detective was falsifying information on search warrants, including Applicant’s, for the purpose of
stealing personal property while executing the warrants. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claims. The trial court shall determine whether the detective who signed the probable cause affidavit
has since been convicted of theft and if so, whether that crime involved professional misconduct. 
If the trial court determines that the detective was convicted of a crime involving professional
misconduct, then the court shall determine whether if that information had been known and raised
by the defense in a motion to suppress prior to Applicant’s plea, the trial court would have
committed misconduct by denying the motion to suppress. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: December 11, 2013
Do not publish